## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| FREDDIE CLEMONS (N98554), | |
| Petitioner, | No. 19-cv-06561 |
| v. | Judge John F. Kness |
| KESS ROBERSON, Acting Warden, Lincoln Correctional Center, | |
| Respondent. | |

## MEMORANDUM OPINION AND ORDER

Petitioner Freddie Clemons, an Illinois prisoner acting *pro se*, has filed a petition seeking a writ of habeas corpus under 28 U.S.C § 2254. Challenging his 2015 conviction in the Circuit Court of Cook County, Illinois, for armed robbery, Petitioner argues: (1) the trial court failed to advise jury venire members, under Illinois Supreme Court Rule 431(b), that his decision not to testify could not be held against him; and (2) the Appellate Court of Illinois improperly applied Illinois' plain-error review standard when addressing this claim. Respondent has answered the petition; Petitioner has not submitted a reply. For the reasons stated below, the Court denies Petitioner's § 2254 petition and declines to issue a certificate of appealability.

## I.    BACKGROUND[1]

Following a jury trial, an Illinois court found Petitioner guilty of the armed robbery of an Aldi supermarket. Petitioner was sentenced to 30 years of imprisonment. *People v. Clemons*, 2017 IL App (1st) 150984-U. On direct appeal to the Appellate Court of Illinois, Petitioner raised two claims: (1) the trial court erroneously allowed hearsay testimony about a nontestifying codefendant's statements describing Petitioner's involvement in the offense; and (2) the trial court failed to inform jury venire members, under Illinois Supreme Court Rule 431(b),[2] that a defendant's decision not to testify cannot be considered against him, and then failed to ask jurors if they understood and accepted the admonishments they had received. *Id.* at ¶ 2.

Rejecting both claims, the Appellate Court of Illinois affirmed Petitioner's conviction. *Id.* at ¶¶ 22–42. With respect to Petitioner's Rule 431(b) argument, the Appellate Court of Illinois held that, as Petitioner's appellate brief conceded, the argument was forfeited because Petitioner neither objected at the time the trial court gave its Rule 431(b) admonishments nor raised the claim in a posttrial motion for new trial. *Id.* at ¶¶ 33–34 (citing *People v. Belknap*, 2014 IL 117094, ¶ 66 (Ill. 2014)

---

[1] The background facts are taken from the state court record and the Illinois appellate court decision in Petitioner's direct appeal. *People v. Clemons*, 2017 IL App (1st) 150984-U; *see also Hartsfield v. Dorethy*, 949 F. 3d 307, 309 n.1 (7th Cir. 2020) (federal habeas courts may take background facts from the Appellate Court of Illinois opinion "because they are presumptively correct on habeas review").

[2] In Illinois, trial courts "shall ask each potential juror, individually or in a group, whether that juror understands and accepts the following principles:" (1) the defendant is presumed innocent; (2) the State must prove his guilt beyond a reasonable doubt; (3) the defendant need not put on any evidence; and (4) "that if a defendant does not testify it cannot be held against him or her." Ill. S. Ct. R. 431(b).

(to preserve an alleged error for review under Illinois law, a defendant "must both make an objection at trial and include the issue in a posttrial motion"). Reviewing the claim under Illinois' plain-error review standard, the state appellate court determined that Petitioner had not met that standard. *Clemons*, 2017 IL App (1st) 150984-U at ¶¶ 34–42.

Petitioner's request (PLA) for leave to appeal to the Supreme Court of Illinois asserted that the appellate court incorrectly applied Illinois' plain-error review standard for his Rule 431(b) claim. (Dkt. 12-3, pg. 5–9.) But the Supreme Court of Illinois summarily denied the PLA. *People v. Clemons*, 108 N.E.3d 816 (Ill. 2018). Petitioner filed neither a petition for a writ of certiorari in the Supreme Court of the United States, nor a state postconviction petition. Petitioners instead filed the present § 2254 action seeking federal habeas corpus relief. (Dkt. 1.)

## II. DISCUSSION

Petitioner makes two contentions in his § 2254 petition: (1) the trial court failed to admonish jurors properly under Illinois Supreme Court Rule 431(b); and (2) the Appellate Court of Illinois improperly applied the Illinois plain-error review standard when addressing this claim. (Dkt. 1, pg. 5–6.) According to Petitioner, the evidence in his case was closely balanced: his fingerprints were not found on any Aldi cash register or the gun recovered from the scene, and the identification procedures used for the four Aldi employees, all of whom identified Petitioner as the offender, were suggestive. *Id.*[3] For the following reasons, Petitioner has failed to show that he

---

[3] Petitioner discusses the evidence in his case not in connection with a constitutional challenge to the sufficiency of the evidence, but to demonstrate that the evidence was closely

is entitled to a writ of habeas corpus.

### A. Petitioner's Claims Are Not Cognizable on Habeas Review.

Federal courts may entertain a habeas petition by a state prisoner "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). It is "not the province of a federal habeas court to reexamine state-court determinations on state-law questions." *Estelle v. McGuire*, 502 U.S. 62, 63 (1991); *see also Perruquet v. Briley*, 390 F.3d 505, 511 (7th Cir. 2004) ("the remedial power of a federal habeas court is limited to violations of the petitioner's federal rights, so only if a state court's errors have deprived the petitioner of a right under federal law can the federal court intervene.").

Whether Illinois courts complied with Illinois Supreme Court Rule 431(b) or properly applied Illinois' plain-error standard of review when addressing this claim are issues of state law. *See Rosario v. Akpore*, 967 F. Supp. 2d 1238, 1250 (N.D. Ill. 2013) ("Matters of evidentiary rulings and jury instructions are usually beyond the scope of federal habeas review") (citing *Perruquet*, 390 F.3d at 511). There is "no federal right to have potential jurors questioned in the manner set out in Illinois Supreme Court Rule 431(b)." *Brown v. Lawrence*, No. 17-CV-2212, 2019 WL 11815324, at *13 (C.D. Ill. Oct. 8, 2019) (cleaned up). As the Supreme Court of Illinois has explained, defendants "do not have a right to Rule 431(b)(4) questioning under

---

balanced, such that relief was available under the Illinois plain-error standard of review. (Dkt. 1, pg. 5); *see also People v. Sebby*, 2017 IL 119445, ¶ 48 (under plain-error review, relief may be available for a forfeited claim when "a clear or obvious error occurred and the evidence is so closely balanced that the error alone threatened to tip the scales of justice against the defendant, regardless of the seriousness of the error").

either the United States or the Illinois Constitution." *Spears v. Lawrence*, No. 18 C 373, 2019 WL 3555152, at *8 (N.D. Ill. Aug. 5, 2019) (quoting *People v. Glasper*, 917 N.E.2d 401, 415–16 (Ill. 2009)).

Federal habeas courts "do not sit as a super state supreme court to review error under state law." *Brewer v. Aiken*, 935 F.2d 850, 855 (7th Cir. 1991) (quoting *Skillern v. Estelle*, 720 F.2d 839, 852 (5th Cir. 1983). Whether the trial court in Petitioner's case complied with an Illinois rule, or whether the Appellate Court of Illinois properly applied Illinois' plain-error review standard, are state-law issues not reviewable in a federal habeas case. Because Petitioner has not presented any issues under the United States Constitution, federal habeas relief is unavailable.

### B.     Petitioner's Claims are Procedurally Defaulted.

Even if Petitioner's Rule 431(b) claim could be construed as asserting a constitutional issue, the claim is procedurally defaulted from federal habeas review. As previously noted, Petitioner conceded the following in his brief on direct appeal: "Defense counsel did not object to the judge's noncompliance with Rule 431(b), nor was this issue presented in any post-trial motion. The issue is therefore forfeited, but this Court should review it as plain error." (Dkt. 12-5, pg. 35.) The Appellate Court of Illinois agreed, reviewed the claim for plain error, and determined that Petitioner could not meet that standard. *Clemons*, 2017 IL App (1st) 150984-U, ¶¶ 34–42.

Respondent correctly contends that Petitioner's failure to properly preserve the claim in the state trial court resulted in the claim being procedurally defaulted from federal habeas review. (Dkt. 11, pg. 4–5.) As the Seventh Circuit has explained,

"[w]hen a state court resolves a federal claim by relying on a state law ground that is both independent of the federal question and adequate to support the judgment, federal habeas review of the claim is foreclosed." *Richardson v. Lemke*, 745 F.3d 258, 268 (7th Cir. 2014) (cleaned up); *see also Coleman v. Thompson*, 501 U.S. 722, 729 (1991). A state law ground is independent "when the court actually relied on the procedural bar as an independent basis for its disposition of the case." *Kaczmarek v. Rednour*, 627 F.3d 586, 592 (7th Cir. 2010). And a state law ground is adequate "when it is a firmly established and regularly followed state practice at the time it is applied." *Smith v. McKee*, 598 F.3d 374, 382 (7th Cir. 2010).

In Petitioner's case, the Appellate Court of Illinois noted Petitioner's "acknowledge[ment] that he forfeited th[e Rule 431(b)] issue by failing to object in the circuit court." *Clemons*, 2017 IL App (1st) 150984-U, ¶ 33. As the Appellate Court explained, a defendant who seeks to preserve an error for appellate review "must object to the error and raise the error in a posttrial motion." *Id.* at ¶ 34 (citing Ill. S. Ct. R. 615(a)) (cleaned up). Because Petitioner failed to preserve the claimed error, the Appellate Court could "reach the merits of" the claim only if it "amount[ed] to plain error." *Id.*

As this record reflects, the Appellate Court of Illinois relied on the Illinois forfeiture doctrine when it considered Petitioner's Rule 431(b) claim. Moreover, the requirement of a contemporaneous objection "appears to have been firmly established and regularly followed" by the courts of Illinois. *Kaczmarek*, 627 F.3d at 592; *see also Woods v. Schwartz*, 589 F.3d 368, 373 (7th Cir. 2009) ("A finding of waiver by the

6

state postconviction court is enough to establish an adequate and independent state ground.") (quoting *Sturgeon v. Chandler*, 552 F.3d 604, 611 (7th Cir. 2009)). These facts show both that the Illinois court actually relied on the contemporaneous-objection rule as an independent basis for its disposition of the case, *Kaczmarek*, 627 F.3d at 592, and that the rule was "a firmly established and regularly followed state practice at the time it [wa]s applied." *Smith*, 598 F.3d at 382.

That the Appellate Court of Illinois actually considered whether relief was available under the plain-error standard of review does not affect whether the claim is defaulted from federal habeas review. Where a state court "reviews a . . . claim for plain error because of a state procedural bar (here, the doctrine of waiver), that limited review does not constitute a decision on the merits." *Kaczmarek*, 627 F.3d at 592.

Accordingly, the Appellate Court of Illinois denied Petitioner's Rule 431 claim on an independent and adequate state law ground (the contemporaneous-objection rule), which means the claim is procedurally defaulted from federal habeas review. To obtain such review, Petitioner must show either (1) cause for the default and actual prejudice; or (2) a fundamental miscarriage of justice resulting from a lack of federal habeas review, *i.e.*, that "'new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence" not presented at trial demonstrates "that it is 'more likely than not that no reasonable juror would have convicted him in light of the new evidence.' " *Jones v. Calloway*, 842 F.3d 454, 461 (7th Cir. 2016) (quoting *Schlup v. Delo*, 513 U.S. 298, 324–27 (1995)).

Petitioner makes no such showing.

Federal habeas review is, therefore, unavailable for Petitioner's Rule 431(b) claim. Revew is unavailable not only because Petitioner raises no constitutional issue, but also because any such claim is procedurally defaulted and Petitioner makes no showing to excuse the default. Accordingly, this Court denies Petitioner's request under § 2254 for a writ of habeas corpus.

## III.   APPELLATE RIGHTS AND CERTIFICATE OF APPEALABILITY

The denial of this petition is a final decision that ends the case in this Court. In the event Petitioner seeks to appeal this decision, he must file a notice of appeal in this Court within 30 days of the entry of judgment on the docket. Fed. R. App. P. 4(a)(1). Petitioner need bring a motion to reconsider this Court's decision to preserve his appellate rights. But if Petitioner does ask the Court to reconsider its judgment, he may file a motion under Rule 59(e) within 28 days of entry of judgment; a Rule 59(e) motion suspends the deadline for filing an appeal until the motion is ruled on. *See* Rule 59(e) and Fed. R. App. P. 4(a)(4)(A)(iv). Any motion under Rule 60(b) for relief from the Court's judgment must be filed within a "reasonable time" and, if Petitioner seeks relief under Rule 60(b)(1), (2), or (3), no more than one year after entry of the judgment. *See* Fed. R. Civ. P. 60(c)(1). A Rule 60(b) motion suspends the deadline for filing an appeal until the motion is ruled on only if the motion is filed within 28 days of the judgment. Fed. R. App. P. 4(a)(4)(A)(vi). The time to file a Rule 59(e) or 60(b) motion cannot be extended. *See* Fed. R. Civ. P. 6(b)(2).

Finally, the Court declines to issue a certificate of appealability. This is

because Petitioner cannot, in the Court's view, make a substantial showing of the denial of a constitutional right, or that reasonable jurists would debate, much less disagree, with this Court's resolution of Petitioner's claims. *Arredondo v. Huibregtse*, 542 F.3d 1155, 1165 (7th Cir. 2008) (citing 28 U.S.C. § 2253(c)(2)); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

## IV. CONCLUSION

Petitioner's habeas corpus petition (Dkt. 1) is denied on the merits, and the Court declines to issue a certificate of appealability. The Clerk is directed to: (1) replace Kess Roberson as Respondent with Tiona Farrington, the current Warden of Lincoln Correctional Center; and (2) alter the case caption to *Clemons v. Farrington*. A final judgment order will be entered separately.

SO ORDERED in No. 19-cv-06561.

Date: August 22, 2022

_____
JOHN F. KNESS
United States District Judge